IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                      No. 04-40156-01-SAC

LAURA ANJENNETTE WETZEL-SANDERS,

    Defendant.

## MEMORANDUM AND ORDER

The defendant recently filed a motion to reduce her sentence based on deteriorating medical condition. (Dk. 33). In September of 2005, the court sentenced the defendant to 151 months for bank robbery. The sentence represented the bottom of sentencing guideline range calculated under the applicable career offender guidelines. (Dk. 30). The defendant took no appeal from the

judgment of conviction and sentence entered in October of 2005.

The defendant's motion refers to 28 U.S.C. § 2255 as the statutory ground for her requested relief. (Dk. 33, p. 1). The defendant's motion has not been timely filed under the one-year limitation period for federal prisoners to file § 2255 motions. 28 U.S.C. § 2255(f). The defendant's motion does not allege any facts or circumstances to justify any exceptions in § 2255(f) or to support equitable tolling. Even assuming the motion had been timely filed, it fails to raise any viable issue for relief under this statute. The defendant's deteriorating health is "not a cognizable issue under § 2255." *United States v. Smith*, 1999 WL 46969, at *1 (5th Cir. 1999); *Mangano v. United States*, 2005 WL 1606377, at *3 (E.D.N.Y. 2005).

The court dismisses the motion for seeking relief under § 2255.

This court is without authority to modify the defendant's sentence based on her current motion. The Tenth Circuit has consistently recognized that "a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Section 3582(c) of Title 18 "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *United States v. Blackwell*, 81 F.3d at 947 (quoting 18 U.S.C. § 3582(c)). Those three narrow avenues are:

First, upon motion of the Director of the Bureau of

> Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider the defendant's request. *Id*.

The special circumstances reduction based on medical condition, 18 U.S.C. § 3582(c)(1)(A)(i), (ii), "requires that a motion be brought by the Director of the Bureau of Prisons." *United States v. Smartt*, 129 F.3d at

541. The Director has not made any such motion, so this court may not act. *United States v. Archuleta*, 2009 WL 4457511 at *2 (10th Cir. 2009). The other two limited avenues are inapplicable to any arguments advanced in the defendant's motion. This court lacks the inherent authority to modify a defendant's sentence at any time or for any reason other than those provided by statute. *United States v. Blackwell*, 81 F.3d at 949.

IT IS THEREFORE ORDERED that the defendant's motion to reduce sentence (Dk. 33) is dismissed as untimely and as outside the scope of this court's limited jurisdiction.

Dated this 11th day of January, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge