IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                  No. 04-40156-01-SAC

LAURA ANJENNETTE WETZEL-SANDERS,

        Defendant.

MEMORANDUM AND ORDER

Sentenced in September of 2005 to a term of imprisonment of 151 months for bank robbery, the defendant did not file an appeal or any other post-judgment pleading until December of 2009, when she filed a motion to reduce her sentence based on deteriorating medical condition. (Dk. 33). The court filed a memorandum and order on January 11, 2010, denying her motion "as untimely and as outside the scope of this court's limited jurisdiction." (Dk. 34, p. 5). In that order, the court delineated the three avenues available under 18 U.S.C. § 3582(c) for modifying a term of imprisonment once it has been imposed. The court found that the defendant's motion did not fall within any of those limited avenues and noted that it lacked the inherent authority to modify a defendant's sentence at any time or for any reason other than those provided by statute.

The court received and filed on March 29, 2010, a motion from the defendant in which she asserts relief under two of the three avenues listed in § 3582(c). (Dk. 35). Citing Fed. R. Crim. P. 35 and 28 U.S.C. § 994(o), the defendant contends her failing medical conditions warrant consideration as a safety valve under 18 U.S.C. § 3553(f), as subsequently amended, and as a mitigating circumstance under § 3553(b). She also claims the sentencing court failed to consider at sentencing her drug and alcohol addictions. She asks to be resentenced under Rule 35 with consideration of the safety valve provision based on failing medical conditions, lack of current mental health treatment, and her prior history of addictions.

Modification of a sentence pursuant to Rule 35, 18 U.S.C. § 3582(c)(1)(B), requires the defendant to assert that the conditions for Rule 35 relief are present or to cite some statute authorizing a modification. *United States v. Smartt*, 129 F.3d 539, 541-42 (10th Cir. 1997) (holding that "neither section 3553(b) nor (f) provides for modification of an imposed sentence within the meaning of section 3582(c)(1)(B)."). None of the subsections to Rule 35 applies here, and no other applicable statute appears to provide for a reduction of the sentence on the grounds argued

2

by the defendant. More than fourteen days have passed for correcting clear error, and the government has not filed a motion to reduce a sentence for substantial assistance. The defendant's motion under Rule 35 does not empower this court with jurisdiction to resentence the defendant. *See United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996).

As far as the other asserted avenue, a court may reduce a defendant's sentence if the "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant does cite § 3582(c)(2) in her motion, but she fails to cite any guideline change made by the Sentencing Commission that is retroactively applicable to her case. There have been no changes to the sentencing guidelines that would make her eligible for safety valve consideration. The defendant's criminal history category was six. The defendant's motion does not argue any other grounds subject to any retroactive change in the sentencing guidelines. As there is no jurisdictional basis for resentencing here, the court need not consider the defendant's other reasons for lowering her sentence. This court is without authority to modify the defendant's sentence.

IT IS THEREFORE ORDERED that the defendant's motion for resentencing (Dk. 35) pursuant to Rule 35 and to a subsequently lowered guideline range, 18 U.S.C. § 3582(c)(1)(B) and (c)(2), is dismissed as outside the scope of this court's limited jurisdiction.

Dated this 12th day of April, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge