IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    Civil No. 13-4034-SAC
                                        Crim.No. 04-40156-01-SAC

LAURA ANJENNETTE WETZEL-SANDERS,

        Defendant.

MEMORANDUM AND ORDER

The defendant filed on April 2, 2013, a motion seeking relief for ineffective assistance of trial counsel. (Dk. 39). She summarily alleges her trial counsel failed to reveal the terms of the plea agreement, to inform her of the right to appeal, to take her case to trial, to give correct advice on the sentencing guidelines and to allow her to disclose that she did understand the judicial process due to a long history of mental illness and drug and alcohol abuse. The court is without jurisdiction to address this motion.

In September of 2005, the court sentenced the defendant to 151 months for bank robbery. The sentence represented the bottom of sentencing guideline range calculated under the applicable career offender guidelines. (Dk. 30). The defendant took no appeal from the judgment of conviction and sentence entered in October of 2005.

The defendant's first post-conviction motion was filed over four

years later in December of 2009. (Dk. 33). It cited 28 U.S.C. § 2255 as the statutory ground for her request of a sentence reduction. (Dk. 33, p. 1). The court dismissed the motion as an untimely § 2255 motion and as seeking a modification of sentence that was outside the court's jurisdiction. (Dk. 34). The defendant did not appeal but then filed a motion to reduce sentence pursuant to two of three avenues listed in 18 U.S.C. § 3582(c). (Dk. 35). The court denied the motion finding neither avenue available to the defendant for relief. (Dk. 36). Five months later, the defendant made her third attempt at a sentence reduction based on allegations related to failing medical conditions and inadequate medical care and treatment. (Dk. 38). On September 22, 2010, the court summarily denied the request as not coming within the narrow avenues for relief set out in § 3582(c). *Id.*

Approximately 30 months after the court's last order, the defendant now files a § 2255 motion claiming ineffective assistance of trial counsel. The defendant's motion has not been timely filed under the one-year limitation period for federal prisoners to file § 2255 motions. 28 U.S.C. § 2255(f). The defendant's motion does not allege any facts or circumstances to justify any exceptions in § 2255(f) or to support equitable tolling. More importantly, this is the defendant's second § 2255 motion. Second or successive § 2255 motions may "proceed only in specified circumstances and only with a circuit court's prior authorization." *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009).

Before filing a successive § 2255 motion in district court, the defendant must obtain from the Tenth Circuit "an order authorizing the district court to consider" this latest application for relief. 28 U.S.C. §§ 2255(h); 2244(b)(3)(A). The court record does not show that the defendant has applied for or received the required authorization before filing his second § 2255 motion. In this situation, Tenth Circuit precedent instructs that a district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is so served or to dismiss the motion for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. *Id.* at 1252. The authorization standards under § 2255(h) require either newly discovered evidence or a new retroactive rule of constitutional law.

The authorization standards of § 2255(h) are not addressed nor even related to the defendant's latest allegations of ineffective assistance of trial counsel. The court concludes that the transfer of the defendant's second motion for habeas corpus relief would not serve the interest of justice. There is nothing to suggest that her recent motion relies on "a new rule of constitutional law" made retroactive to § 2255 cases or is based on "newly

discovered evidence." None of the defendant's pending arguments fall into either category required for a successive petition. Instead, her second motion is little more than blanket allegations about trial counsel's conduct of which the defendant has known since October of 2005.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct a sentence pursuant to relief available under 28 U.S.C. § 2255 (Dk. 39) is an unauthorized second or successive § 2255 motion and is dismissed for lack of jurisdiction because a § 1631 transfer is not in the interest of justice;

IT IS FURTHER ORDERED that a certificate of appealability on this

ruling is denied.

Dated this 9th day of April, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge