IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

                              No.   04-40156-SAC

LAURA ANJENNETTE WETZEL-SANDERS,

        Defendant.

MEMORANDUM AND ORDER

On May 23, 2017, the court filed an order requiring the parties to show cause why Ms. Wetzel-Sanders' pending § 2255 motion (ECF# 61) should not be summarily denied in light of the United States Supreme Court's recent decision of *Beckles v. United States*, 137 S.Ct. 886 (Mar. 6, 2017). The Court in *Beckles* held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. The court's order to show cause indicated that Ms. Wetzel-Sanders had been sentenced more than eight months after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (Jan. 12, 2005), and that the sentencing court had "treated the sentencing guidelines as advisory." ECF#61, p. 1.

Ms. Wetzel-Sanders has responded that courts of appeals following *Booker* were slow to recognize a district court's "authority to vary

based on policy disagreements with the career offender guideline." ECF# 74, p. 1. She cites Tenth Circuit decisions in 2007 and 2009 in support of her position. Nonetheless, she accepts the sentencing court's statement that it applied an advisory guideline scheme in sentencing her, and she concedes her § 2255 petition should be dismissed. The government agrees. ECF# 75.

The court is confident that in sentencing Ms. Wetzel-Sanders it treated the sentencing guidelines as advisory. This sentencing occurred before the Tenth Circuit's decisions in 2007 and 2009. Instead of arguing for a narrow reading or application of *Booker* to the career offender guidelines, the government's sentencing memorandum in this case acknowledged that this post-*Booker* sentencing invited consideration of the other § 3553(a) factors and quoted that, "It is certainly clear that "[d]istrict courts now 'have more discretion to tailor sentences to individual circumstances of a defendant,' looking to such factors articulated in 18 U.S.C. § 3553(a), which 'have a new vitality' after *Booker*. *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005).' *United States v. Reed*, 2005 WL 2065279, at *3 (10th Cir. 2005) (unpublished)." ECF# 29, at p. 13. Moreover, the court has reviewed its notes from this sentencing proceeding, all of which consistently evidence that the court treated the sentencing guidelines and the calculated guideline range as only advisory in character.

In light of *Beckles* and the parties' responses to the show cause order, Ms. Wetzel-Sanders' § 2255 petition (ECF# 61) is dismissed.

IT IS SO ORDERED.

Dated this 16th day of June, 2017, Topeka, Kansas.

                                              s/Sam A. Crow
                                              Sam A. Crow, U.S. District Senior Judge