IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

                                  No.   04-40156-SAC

LAURA ANJENNETTE WETZEL-SANDERS,

        Defendant.

MEMORANDUM AND ORDER

In September of 2005, the court sentenced Ms. Wetzel-Sanders on her conviction for one count of bank robbery to a term of imprisonment of 151 months followed by a three-year term of supervised release. ECF# 32. This sentence was the bottom of sentencing guideline range calculated under the applicable career offender guidelines. ECF# 30. The most recent *pro se* filing by Ms. Wetzel-Sanders is titled, "Motion for Show Cause 28 U.S.C. § 2241." ECF# 77. She asks the court to order the Bureau of Prisons ("BOP") to grant her prerelease custody pursuant to 18 U.S.C. § 3624(c) and to place her at the Hope Center in Topeka, Kansas. She indicates that she has served most of her sentence and wants the BOP to show cause why she should not be released immediately. Her mailing envelope's return address and the enclosures indicate Ms. Wetzel-Sanders is currently incarcerated at FCI-Tallahassee in Florida.

The movant also details her medical condition (severe breathing problems, cystic mass and splenic vein aneurysm) and attaches supporting medical reports that indicate they were produced from three different federal correction facilities. She complains that FCI-Tallahassee is unable to meet her medical care needs and that it has refused her a medical transfer. She also asserts her medical conditions qualify her for compassionate release under 18 U.S.C. § 3582(c) and related BOP regulations. Finally, the movant recommends without explanation that the court extend her period of supervised release from 3 to 10 years. As this juncture, the court summarily denies the movant's recommendation for longer supervised release as premature and without any factual or legal support.

None of the movant's argued grounds for relief come within this court's limited authority. The court looks first at her request for compassionate release. By statute, 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. The motion refers to the circumstance of compassionate release. By statute, "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a)" and if the court finds that "(i) extraordinary and compelling reasons warrant

such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison ..., and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). Under BOP's regulations, the inmate's request for a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is first submitted to the Warden of the institution where the inmate is confined. 28 C.F.R. § 571.61(a). The request must set forth the "extraordinary or compelling circumstances" and proposed release plans. *Id.* If the Warden determines that the request warrants approval, the Warden refers the matter in writing with a recommendation to the Office of General Counsel, who then must determine whether the request warrants approval. 28 C.F.R. § 571.62(a)(1). If the General Counsel determines that the request warrants approval, the General Counsel forwards the request to the Director of BOP for final decision. 28 C.F.R. § 571.62(a)(2). "If the Director, Bureau of Prisons grants a request under 18 U.S.C. § 3582(c)(1)(A), the Director will contact the U.S. Attorney in the district in which the inmate was sentenced regarding moving the sentencing court on behalf of the Director of the Bureau of Prisons to reduce the inmate's term of imprisonment to time served." 28 C.F.R. § 571.62(a)(3). Because this court has no pending motion for a sentence reduction filed on behalf of the Director of the BOP, the court is without authority to consider this request for compassionate

release under § 3582(c)(1)(A).

Ms. Wetzel Sanders' motion primarily challenges the BOP's handling of her prerelease custody. This would be the proper subject of a petition under 28 U.S.C. § 2241 as an attack on the execution, not the validity, of her sentence. See *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). This court currently is without jurisdiction to consider such a petition, "as jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (citation omitted)); see *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied*, 137 S.Ct. 641 (2017). Because Ms. Wetzel-Sanders is presently incarcerated at FCI in Tallahassee, Florida, she must bring her action in the Northern District of Florida.

The movant refers to the court's authority to transfer an action to another federal court, and the court can do so to cure "a want of jurisdiction" when "it is in the interest of justice." 28 U.S.C. § 1631. The court is not persuaded that the interests of justice favor a transfer. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The plaintiff alleges no circumstances indicating her pursuit of the applicable

administrative remedies or the futility of her doing so. Nor has the plaintiff alleged facts showing the denial of a constitutional right. See *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a reduced sentence."). "A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States, 28 U.S.C. § 2241; . . . . " *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The court, therefore, finds that dismissal rather than a transfer serves the interests of justice here. *United States v. Martinez-Duarte*, 2008 WL 4704921, at *2 (D. Kan. Oct. 21, 2008).

Finally, to the extent that Ms. Wetzel-Sanders is seeking a transfer to a different BOP facility and is challenging the conditions of her federal confinement, she must bring this claim as a separate *Bivens* action. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("'[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [*Bivens*].'" (quoting *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006)). The court is without authority to address her request for relief.

IT IS THEREFORE ORDERED that the Ms. Wetzel-Sanders' "Motion for Show Cause 28 U.S.C. § 2241" ECF# 77 is denied on its request for a longer term of supervised release, is dismissed on its request for compassionate release for lack of jurisdiction, is dismissed on its § 2241 prerelease custody claim for lack of jurisdiction, and is dismissed on its claim for a medical transfer for lack of jurisdiction.

Dated this 10th day of April, 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge